UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KATI ANDREA FUENTES DeLUQUE ex rel.
JHOAN MAZA HERRERA,

                        Petitioner,

                -against-

LaDEON FRANCIS, et al.,

                        Respondents.

25 Civ. 8602 (JHR)

ORDER GRANTING
PRO BONO COUNSEL

---

JENNIFER H. REARDEN, District Judge:

       On October 17, 2025, Petitioner Jhoan Maza Herrera, through his next friend, Kati Andrea Fuentes DeLuque, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 (Pet.). The Petition alleged that, at the time of its filing, Petitioner was being held at 26 Federal Plaza, New York, New York. *Id.* at 3. Petitioner sought "an order directing Respondent[s] to show cause why a writ should not be granted within 15-30 days." *Id.* at 10. The Court directed Respondents to show cause by November 3, 2025, and Petitioner to file any reply by November 18, 2025. ECF No. 6. The Court also scheduled a hearing for November 24, 2025. *Id.* Respondents timely filed their papers, ECF No. 10, and Petitioner filed his reply on November 13, 2025, ECF No. 13. On November 17, 2025, Respondents informed the Court that a master calendar hearing in Petitioner's immigration case had been continued from November 13, 2025 to November 25, 2025. ECF No. 14. Accordingly, the Court rescheduled the hearing on the *habeas* Petition for November 26, 2025.[1] ECF No. 17. Although Petitioner is represented

---

[1] Because a hearing on November 26, 2025 would create a conflict for Respondents and also for potential new counsel for Petitioner, the Court will hold the hearing on another date forthwith.

by counsel in his immigration case, the Court understands that Petitioner remains unrepresented in this proceeding. *See* ECF No. 16.

## DISCUSSION

The Court finds that the appointment of *pro bono* counsel is appropriate in this case. In the Second Circuit, *pro bono* counsel may be appointed upon consideration of the following:

> (1) whether the party's claim has substantial merit, (2) whether the nature of the factual issues requires an investigation, and the party's ability to investigate is inhibited, (3) whether the claim's factual issues involve questions of credibility, which draws on the skills of those trained in presentation of evidence and cross examination, ( 4) the party's overall ability to present its case, and (5) whether the legal issues presented are complex.

(the "*Hodge*" factors). *Garcia v. USICE (Dept. of Homeland Sec.*, 669 F.3d 91, 98-99 (2d Cir. 2011) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). The Second Circuit has explained that not "all, or indeed any, of the factors must be controlling in a particular case," and that "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61; *see Gunn v. Milani*, No. 20 Civ. 2681 (KMK), 2024 WL 5056490, at *3 (S.D.N.Y. Dec. 10, 2024) (granting *pro bono* counsel pursuant to the *Hodge* factors in "the context of the specific circumstances of th[e] case at th[at] juncture").

The *Hodge* factors favor seeking *pro bono* counsel for Petitioner. Petitioner's abilities to present his case and to conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his Petition. In addition, the questions raised by the Petition fall within a rapidly developing area of the law. Representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61; *see also Automated Mgmt. Sys., Inc. v. Rappaport Hertz Cherson & Rosenthal P.C.*, No. 16 Civ. 4762 (LTS) (JW), 2024 WL 1023267, at *1 (S.D.N.Y. Feb. 23, 2024) (finding that, "on balance," *pro bono* counsel was warranted "after taking all the relevant factors into account").

Accordingly, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. For the avoidance of doubt, the Court does not have the authority to "appoint" counsel; instead, the Court may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). The Court further notes that there is no guarantee that a volunteer attorney will decide to take the case and, should Petitioner decline the services of the volunteer, there is no guarantee that another attorney may be secured. If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly.

If Petitioner has already successfully retained counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he must inform the Court by **November 25, 2025**.

The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https ://nysd. uscourts. gov/forms/pro-bono-fund-order.

## **CONCLUSION**

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case. The Clerk of Court is further directed to immediately e-mail a copy of this Order to Petitioner in care of his next friend, at sebastian22maza@gmail.com.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 21, 2025
        New York, New York

                                                  JENNIFER H. REARDEN
                                                  United States District Judge